UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLIFFORD WILLIAMS,

    Petitioner,

-vs-                                              Case No.  8:10-CV-1655-T-30AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

    Petitioner, an inmate in a Florida penal institution proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a conviction for attempted second degree murder entered in 2004 by the Tenth Judicial Circuit Court, Polk County, Florida (Dkt. 1). Respondent filed a response to the petition (Dkt. 16). Despite being given the opportunity to file a reply to Respondents' response (see Dkt. 4 at pg. 4), Petitioner did not file a reply.

    Respondent asserts no challenge to the petition's timeliness. The matter is now before the Court for consideration on the merits of Petitioner's claims. An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a) (2011).

**Procedural History**

On May 26, 2004, Petitioner was charged by Information with attempted first degree murder, and possession of a firearm by a convicted felon (Respondent's Ex. 1, Vol. 1 at pgs. 47-48). On July 29, 2004, the State filed an Amended Information charging Petitioner with attempted first degree murder, possession of a firearm by a convicted felon, and violation of an injunction for protection (Id. at pgs. 42-44). The trial court severed the possession of a firearm by a convicted felon and violation of an injunction for protection counts. On April 17, 2006, Petitioner proceeded to a jury trial on the attempted first degree murder charge only. The jury found Petitioner guilty of the lesser included offense of attempted second degree murder (Id. at pgs. 71-74). On April 20, 2006, Petitioner was sentenced to a mandatory minimum twenty-five (25) year prison sentence (Id. at pgs. 75-79). The appellate court affirmed his conviction and sentence (Respondent's Ex. 5); *Williams v. State*, 969 So. 2d 1033 (Fla. 2d DCA 2007) [table].

On December 27, 2007, Petitioner filed a motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in which he raised ten ineffective assistance of counsel claims (Respondent's Ex. 7). He filed a supplement to his post conviction motion, adding an eleventh claim of ineffective assistance of counsel (Respondent's Ex. 8). On May 14, 2008, the post conviction court issued an order denying grounds 1, 5, 6, 7, 8, 10, and 11 of the Rule 3.850 motion, and directed the State to respond to grounds 2, 3, 4, and 9 (Respondent's Ex. 9). On July 15, 2008, the State filed its response to the remaining claims

(Respondent's Ex. 10). On August 28, 2008, the post conviction court issued a final order denying the remaining claims (Respondent's Ex. 11). On August 5, 2009, the appellate court affirmed the denial of Petitioner's Rule 3.850 motion (Respondent's Ex. 17); *Williams v. State*, 17 So. 3d 297 (Fla. 2d DCA 2009) [table]. The Florida Supreme Court dismissed Petitioner's petition for discretionary review (Respondent's Ex. 22); *Williams v. State*, 19 So. 3d 987 (Fla. 2009) [table].

On November 30, 2009, in the Florida Second District Court of Appeal, Petitioner filed a petition for writ of habeas corpus asserting ineffective assistance of appellate counsel (Dkt. 16 at pgs. 6-7).[1] He filed an amended petition on February 11, 2010 (Respondent's Ex. 24). On March 10, 2010, the Second District Court of Appeal issued an order denying the petition without discussion (Respondent's Exhibit 25); *Williams v. State*, 30 So. 3d 505 (Fla. 2d DCA 2010). The Florida Supreme Court dismissed Petitioner's petition for discretionary review (Respondent's Ex. 29); *Williams v. State*, 36 So. 3d 86 (Fla. 2010) [table].

Petitioner constructively filed the instant § 2254 petition in this Court on July 16, 2010 (Dkt. 1). The petition raises the following two grounds for relief:

Ground One

Petitioner during Anders' [sic] proceeding was denied due process of law where the district court on the state level were [sic] required under Anders to make an independent review of the record to identify error arguable on appeal; however, in the [sic] instance, the district court failed to identify prejudicial error on the face of the appellate record.

---

[1]Respondent states that he does not possess a copy of the original petition for writ of habeas corpus.

Ground Two

During Anders' [sic] proceedings, the appellate court during its independent review of the appellant's record, and the law as required [sic] *Anders v. California*, the appellate court failed to identify error that was arguable on appeal, thus denied appellant his right to a full appeal and appointed counsel.

### Standard of Review

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). It is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

**Procedural Default**

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a

federal court in a habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also, Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003)("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Duncan v. Henry*, 513 U.S. 364 (1995)("[E]xhaustion of state remedies requires that the state prisoner 'fairly present' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]'") (citation omitted).

Under the procedural default doctrine, "if the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Henderson*, 353 F.3d at 891 (quoting *Judd v. Haley*, 250 F.3d at 1313).

Pre-AEDPA decisions from the Supreme Court establish the framework governing procedural default in federal habeas cases. A procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court.

*Henderson*, 353 F.3d at 892; *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995).

To show "prejudice," the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). The petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson*, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (explaining a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'to be credible,' a claim of actual innocence must be based on [new] reliable

evidence not presented at trial." *Calderon*, 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining "given the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted). The *Schlup* Court stated the petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F. 3d 106, 108 (5th Cir. 1995)(denying certificate of probable cause)(footnote omitted).

## Discussion

In Ground One, Petitioner asserts that after his appellate attorney filed an *Anders* brief,[2] the state appellate court denied him due process when it failed to identify prejudicial error apparent on the face of the record. It appears that Petitioner asserts that the error which the appellate court failed to identify was the state trial court's giving the standard criminal jury instruction on the lesser included offense of attempted voluntary manslaughter which, Petitioner argues, erroneously includes an "intent to kill element." He appears to state that because of the jury instruction, the jury may have erroneously believed that it had to find Petitioner intended to kill the victim in order to find Petitioner guilty of attempted voluntary manslaughter.

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

In Ground Two, Petitioner again challenges the appellate court's failure to identify prejudicial error apparent on the face of the record. It appears that Petitioner asserts that the error which the appellate court failed to identify was that the state trial court adjudicated him guilty without a unanimous jury verdict. Specifically, he asserts that when the jury was polled, five of the six jurors confirmed the verdict. Juror Abdullah, however, did not respond. Thus, Petitioner argues, the verdict was not unanimous.

Initially, Respondent contends that both these claims are procedurally barred because they were never presented to the state courts. This Court agrees. The record reveals that Petitioner never presented the claims raised in his federal habeas petition, that the state appellate court denied him due process when it failed to find reversible error during its independent examination of the trial record, to the state courts.

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. *See Castille v. Peoples*, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). Petitioner has failed to do so. It would be futile to dismiss this case to give Petitioner the opportunity to exhaust these claims. Accordingly, these claims have been procedurally defaulted.

Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Further, he has not shown that he is entitled to the fundamental miscarriage of justice exception.

Moreover, Petitioner's claims would fail even if they were not barred. As to Ground Two, Petitioner fails to show the denial of a constitutional right because the Constitution does not guarantee state defendants the right to a unanimous jury verdict. *Apodaca v. Oregon*, 406 U.S. 404 (1972) (upholding felony verdicts of 11-1 and 10-2 ). Furthermore, the record belies Petitioner's assertion that the jury verdict was not unanimous. After the verdict was read, the court polled the jurors as to whether they concurred in the verdict (Respondent's Ex. 1, Vol. III at pp. 416-17). Each juror, including Juror Abdullah, affirmed his or her concurrence in the verdict (Id. at p. 417).[3]  Thus, the claim has no merit.

With regard to Ground One, Petitioner asserts that the standard criminal jury instruction on attempted voluntary manslaughter that the trial court gave to the jury erroneously stated that the State must prove that Petitioner intended to kill the victim. The attempted voluntary manslaughter jury instruction stated in pertinent part that "the State must prove the [sic] beyond a reasonable doubt that Mr. Williams committed of [sic] act which was intended to cause the death of Ms. Walker..." (Respondent's Ex. 1, Vol. III at p. 405).

---

[3]The Court notes that Petitioner may be attempting to take advantage of an apparent scrivener's error in the trial transcript. In pertinent part, the trial transcript states:

> The Court: Ms. Patel, was that your verdict?
>
> Juror Patel: Yes, sir.
>
> The Court: Mr. Abdullah, was that your verdict?
>
> *Juror Patel*: Yes, sir.

(Respondent's Ex. 1, Vol. III at p. 417) (emphasis added). It is apparent from the record that the trial court asked Mr. Abdullah if he concurred in the verdict, and Mr. Abdullah responded "yes, sir." Petitioner has not alleged that Ms. Patel actually answered the Court's question to Mr. Abdullah on his behalf. Thus, the Court concludes that the transcript's reference to "Juror Patel" following the state court's question to Mr. Abdullah is a scrivener's error.

First, whether the offense of attempted voluntary manslaughter includes an "intent to kill" element is a matter of state law. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no federal constitutional question is presented. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions."). It is a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters. *See Herring v. Secretary, Dept. of Corrections*, 397 F.3d 1338, 1354-55 (11th Cir. 2005) (citing *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)).

Second, at the time the Second District Court of Appeal affirmed Petitioner's conviction, December 5, 2007 (see Respondent's Ex. 5), the Second District had stated in *Hall v. State*, 951 So. 2d 91, 96 (Fla. 2d DCA 2007) that "[a]n intent to kill is required to commit an attempted manslaughter because no person can attempt to cause an unintentional act." Thus, at the time of the decision in Petitioner's appeal, it was not apparent that the attempted voluntary manslaughter standard jury instruction was erroneous.[4]

Third and finally, *Anders* stated that once an appellant files an *Anders* brief, the appellate court must conduct an independent examination of the proceedings to determine whether the appeal is wholly frivolous before it will allow the attorney to withdraw from the

---

[4]The Court notes that in *Houston v. State*, 56 So. 3d 908, 909 (Fla. 2d DCA 2011) the Second District Court of Appeal held that the phrase "committed an act which was intended to cause the death of" in the standard jury instruction for attempted manslaughter impermissibly creates an intent-to-kill element in the crime of attempted manslaughter.

case. *See Anders*, 386 U.S. at 744-45. Petitioner does not allege, nor does the record indicate, that the state appellate court failed to conduct an independent examination of the trial record prior to affirming Petitioner's conviction.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed

further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on July 11, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*
 Counsel of Record